UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL PENDOLA and
PATRICIA PENDOLA,

                        Plaintiffs,

v.                                                              Civil Action No. _____

CENTRAL CREDIT SERVICES, INC.,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Paul Pendola is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Patricia Pendola, mother of Plaintiff Paul Pendola, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Central Credit Services, Inc., (hereinafter "CCS") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiffs incurred a debt to Credit One Bank. This debt will be referred to as "the subject debt."

11. That upon information and belief the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiffs defaulted on the subject debt.

13. That upon information and belief Defendant CCS was thereafter employed by Credit One Bank to collect on the subject debt.

14. That on or about November 1, 2008, Defendant began calling Plaintiff Paul Pendola multiple times per week, and often multiple times per day, in an attempt to collect on the subject debt.

15. That many of the telephone calls to Paul Pendola were made prior to 8:00 a.m. or after 9:00 p.m.

16. That during one of the aforementioned telephone calls to Plaintiff Paul Pendola prior to 8:00 a.m., Defendant stated they were calling so early because they knew said Plaintiff slept late.

17. That during another conversation with Plaintiff Paul Pendola, Defendant stated Plaintiff was a degenerate. Upon hearing this statement Plaintiff Paul Pendola stated he was going to obtain counsel. Defendant replied by asking how Plaintiff could pay a lawyer when he could not pay his bills.

18. That also in or about November of 2008, Defendant began calling Plaintiff Patricia Pendola multiple times per day on multiple days per week in an attempt to collect on the subject debt.

19. That many of the telephone calls to Patricia Pendola were made prior to 8:00 a.m. or after 9:00 p.m.

2

20. That during one of the telephone calls to Plaintiff Patricia Pendola, Defendant threatened to contact said Plaintiff's neighbors and family and disclose the existence of the subject debt to them.

21. That on or about December 1, 2008, Defendant received a cease and desist letter, sent certified mail from Plaintiff Paul Pendola, stating he no longer wished to communicate by telephone with Defendant.

22. That despite receipt of the abovementioned letter Defendant continued to call Plaintiff Paul Pendola multiple times per week in an attempt to collect on the subject debt.

23. That at no time did Defendant CCS give Plaintiff notice of the subject debt as required by 15 U.S.C. §1692g.

24. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692d by calling Plaintiffs at a time which should be and was known to be inconvenient to the Plaintiffs.

    B. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692c(c), and 15 U.S.C. §1692d by communicating with Plaintiff Paul Pendola despite receiving a letter from said Plaintiff requesting that they cease and desist from any further communication with him.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hear when stating Defendant would contact Plaintiffs' neighbors and family members to disclose the subject debt, stating Plaintiff Paul Pendola is a degenerate and asking how Plaintiff Paul Pendola could afford a lawyer when he could not pay his bills.

    D. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs telephone to ring with the intent to annoy, abuse or harass.

    E. Defendant violated 15 U.S.C. §1692g by failing to provide Plaintiffs with a written notice in compliance with said statute.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: May 6, 2009

/s/KIMBERLY T. IRVING_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
   kirving@kennethhiller.com